RON BENDER (SBN 143364)
TODD M. ARNOLD (SBN 221868)
JOHN-PATRICK M. FRITZ (SBN 245240)
LEVENE, NEALE, BENDER, RANKIN
& BRILL L.L.P.
10250 Constellation Boulevard,
Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244
Email:  rb@lnbrb.com, tma@lnbrb.com,
jpf@lnbrb.com

Attorneys for Chapter 11 Debtor
and Debtor in Possession

FILED & ENTERED

DEC 29 2009

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY daniels   DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
(SANTA ANA DIVISION)

In re:

LIFEMASTERS SUPPORTED
SELFCARE, INC., a California
corporation,

          Debtor.

) Case No. 8:09-bk-19722-ES
)
) Chapter 11
)
) **ORDER: (1) APPROVING SALE OF**
) **THE DEBTOR'S ASSETS (EXCLUDING**
) **CASH AND ACCOUNTS RECEIVABLE)**
) **FREE AND CLEAR OF ALL LIENS,**
) **CLAIMS AND INTERESTS; (2)**
) **APPROVING OF THE DEBTOR'S**
) **ASSUMPTION AND ASSIGNMENT OF**
) **THE DEBTOR'S UNEXPIRED LEASES**
) **AND EXECUTORY CONTRACTS AND**
) **DETERMINING CURE AMOUNTS; AND**
) **(3) WAIVING THE 10-DAY STAY**
) **PERIODS SET FORTH IN BANKRUPTCY**
) **RULES 6004(h) AND 6006(d)**
)
) Court Scheduled Hearing:
) Date:  December 17, 2009
) Time:  10:30 a.m.
) Place: Courtroom "5A"
)        411 West Fourth Street
)        Santa Ana, CA 92701-4593
)
)
)
)
)
)

At the above-referenced date, time, and location, the Court held a hearing (the "Sale Hearing") to consider the motion (the "Sale Motion") filed by LifeMasters Supported SelfCare, Inc., the Chapter 11 debtor and debtor in possession herein (the "Debtor"), for entry of an order of the Court authorizing the Debtor to sell substantially all of the Debtor's assets (excluding cash and accounts receivable) to the winning bidder at an auction that was conducted on December 14, 2009 (the "Auction Sale") free and clear of all liens, claims and interests, and approving of the Debtor's assumption and assignment of certain of the Debtor's executory contracts and unexpired leases to the winning bidder.  Appearances were made at the hearing on the Sale Motion as set forth on the record of the Court.

The Court, having considered the Sale Motion and all pleadings filed by the Debtor in support of the Sale Motion, any pleadings filed in response to the Sale Motion, and the statements, arguments and representations of the parties made at the hearing on the Sale Motion, and good cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

**General Provisions**.

1.   The Sale Motion is granted. As evidenced by the affidavits and certificates of service filed previously with this Court, and based upon representations of counsel at the Sale Hearing, proper, timely, adequate and sufficient notice of the Sale Hearing, the Sale Motion, the Auction Sale, the Court's November 17, 2009 bidding procedures order (the "Bidding Procedures Order"), the assumption and assignment of the

1  Designated Contracts and the Final Cure Costs (as those terms

2  are defined herein) has been provided by the Debtor, in

3  accordance with Sections 102(1), 363 and 365 of the Bankruptcy

4  Code, Bankruptcy Rules 2002, 6004, 6006, 9014 and 9019, the

5  Local Rules of this Court, and the Bidding Procedures Order, and

6  no other or further notice of the Bidding Procedures Order, the

7  Auction Sale (including the assumption, assignment and proposed

8  cure of the Designated Contracts), the Sale Motion or the Sale

9  Hearing is or shall be required.

10  2.   All parties in interest have had the opportunity to

11  object to the relief requested in the Sale Motion and, to the

12  extent that objections to the Sale Motion or the relief

13  requested therein, have not been withdrawn, waived or settled,

14  such objections and all reservations of rights included therein,

15  are overruled on the merits and with prejudice.   The parties who

16  did not object are deemed to have consented pursuant to Section

17  363 (f)(2) and 365(c) of the Bankruptcy Code.

18  **Approval of the Sale of the Acquired Assets to Purchaser**

19  **and Approval of the Asset Purchase Agreement with Purchaser**.

20  3.   The bid of $2,225,000 submitted by The StayWell

21  Company ("Purchaser") for the assets (the "Acquired Assets") set

22  forth in section 1.1 of the Asset Purchase Agreement between the

23  Debtor and Purchaser (the "APA") is approved by the Court and is

24  deemed by the Court to constitute the winning bid for the

25  Acquired Assets.   The Court has concluded that the Debtor's sale

26  of the Acquired Assets to Purchaser is in the best interests of

27  the Debtor's estate and is the highest and best offer for the

28  Acquired Assets.

4.    The version of the APA in substantially the form attached hereto as Exhibit "1," is hereby approved.  All of the terms and conditions contained in the APA are approved in their entirety and are binding upon the parties thereto.  Upon entry of this Order, the covenants contained in the APA, to the extent (if any) not already enforceable by their terms, shall be fully enforceable by the parties to the APA in accordance with and subject to the terms and conditions of the APA.

5.    The APA and the terms and conditions contemplated by the APA, including, without limitation, the consummation of the transactions contemplated by the APA (the "Closing"), are hereby approved pursuant to, inter alia, Sections 105(a), 363(b) and (f), and 365(a) and (f) of the Bankruptcy Code.

6.    The Debtor is authorized, empowered and directed, pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code, to perform all of its obligations pursuant to the APA and to execute such other documents and take such other actions and execute, deliver and perform such other agreements, instruments and documents as are reasonably necessary to effectuate the transactions contemplated by the APA.  No consents or approvals, other than those expressly provided for in the APA, are required for the Debtor to consummate the transactions contemplated by the APA.

7.    The sale of the Acquired Assets, pursuant to this Order and the APA, will vest Purchaser with good title to the Acquired Assets and will be a legal, valid and effective transfer of the Acquired Assets free and clear of all liens, claims and interests.

**Transfer of the Acquired Assets to Purchaser.**

8.    Except as expressly provided in the APA, pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code, upon the Closing, the Acquired Assets shall be sold, transferred or otherwise conveyed to Purchaser free and clear of all liens, claims and interests; provided, however, that notwithstanding anything contained in this Order or the APA, the Debtor is not selling, transferring or otherwise conveying to Purchaser any Medicare beneficiary information the Debtor obtained through its participation in any Medicare program under Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395ggg.

9.    All persons or entities holding liens, claims and interests in, to or against the Acquired Assets shall be, and they hereby are, forever barred from asserting such liens, claims and interests against Purchaser, its successors and assigns, or the Acquired Assets after the Closing.  The transfer of the Acquired Assets to Purchaser is a legal, valid, and enforceable disposition and vests Purchaser with all right, title, and interest to the Acquired Assets free and clear of all liens, including mortgages, security interests, conditional sale or other title retention agreements, pledges, judgments for damages, demands, charges, encumbrances, defects, claims, and restrictions of all kind including, without limitation, encumbrances and rights (i) that purport to give to any party a right or option to effect any forfeiture, modification or termination of the interest of the Debtor or of Purchaser, as the case may be, in the Acquired Assets, or (ii) in respect of

1 | taxes, accruing, arising, or relating to a period prior to the
2 | Closing.

3 |     10. Purchaser is not acquiring all or substantially all
4 | the assets of the Debtor and is not assuming any obligations or
5 | liabilities of the Debtor other than those expressly set forth
6 | in the APA, nor is Purchaser assuming any obligations or
7 | liabilities under any retirement plan, health plan or other
8 | benefit plan, or, without limitation, any employment contract or
9 | collective bargaining agreement. Purchaser is not assuming any
10 | of the Debtor's obligations to any employee, including, without
11 | limitation, the obligation to pay wages, severance pay,
12 | benefits, contributions or payments on account of an
13 | underfunding or withdrawal liability with respect to any benefit
14 | plan or similar obligations other than as expressly agreed by
15 | Purchaser and the Debtor under the APA. Any and all notices
16 | required to be given to the Debtor's employees pursuant to the
17 | Workers Adjustment and Relocation Notification Act (the "Warn
18 | Act") or any similar federal or state law, shall be the sole
19 | responsibility and obligation of the Debtor, and neither
20 | Purchaser nor any assignee of an executory contract or unexpired
21 | lease, as the case may be, shall have any responsibility
22 | therefor. Purchaser shall not be deemed or found to be a joint
23 | employer, single-employer, co-employer, or successor employer
24 | with the Debtor by virtue of the APA, the consummation of the
25 | APA, any transactions contemplated thereunder or the entry of
26 | this Order.

27 |     11. The transactions contemplated under the APA do not
28 | amount to a consolidation, merger or <u>de facto</u> merger of

1   Purchaser and the Debtor and/or the Debtor's estate; there is

2   not substantial continuity between Purchaser and the Debtor;

3   there is no common identity between the Debtor and Purchaser;

4   there is no continuity of enterprise between the Debtor and

5   Purchaser; Purchaser is not a mere continuation of the Debtor or

6   its estate; Purchaser is not purchasing all of the Debtor's

7   assets; and Purchaser is not, and will not become by virtue of

8   the Sale, a successor of or to the Debtor; and the transfer of

9   the Acquired Assets to Purchaser does not and will not subject

10  Purchaser to any liability or obligation for any liens, claims,

11  interests, administrative expenses or other liabilities on,

12  against or of the Debtor or the Acquired Assets by reason of

13  such transfer under any agreements or under the laws of the

14  United States, any state, territory or possession thereof or the

15  District of Columbia that may be applicable to such

16  transactions.

17      **Miscellaneous Provisions**.

18      12.  The consideration to be paid by Purchaser for the

19  Acquired Assets under the APA is fair and reasonable and may not

20  be avoided under section 363(n) of the Bankruptcy Code.

21      13.  The sale of the Acquired Assets to Purchaser under the

22  APA will constitute a transfer for reasonably equivalent value

23  and fair consideration under the Bankruptcy Code and the laws of

24  all applicable jurisdictions, including, without limitation, the

25  laws of California.  No bulk sales law or any similar law of any

26  state or other jurisdiction shall apply in any way to any of the

27  transactions under the APA.

28

14. All persons or entities who are in possession of some or all of the Acquired Assets as of the Closing are hereby directed to surrender possession of the Acquired Assets to Purchaser at the Closing.

15. Except with respect to enforcing the terms of the APA and/or this Order, absent a stay pending appeal, no person shall take any action to prevent, enjoin or otherwise interfere with consummation of the transactions contemplated in or by the APA or this Order.

16. The APA and any related agreements, documents or other instruments may be modified, amended, or supplemented through a written document signed by the Debtor and Purchaser in accordance with the terms thereof without further order of this Court; provided, however, that any such modification, amendment or supplement is neither material nor changes the economic substance of the transactions contemplated hereby.

17. Purchaser is a good faith purchaser within the meaning of Section 363(m) of the Bankruptcy Code and is therefore entitled to the protections afforded thereby in that: (i) Purchaser is not an affiliate or insider of the Debtor, and is otherwise unrelated to the Debtor; (ii) the Debtor diligently and in good faith marketed the Acquired Assets for sale; (iii) the Bidding Procedures Order required the Debtor to, and the Debtor did, actively seek alternative offers and conduct a thorough and complete auction process for the Acquired Assets, thereby permitting the Debtor to obtain the highest and best offer for the Acquired Assets; (iv) Purchaser, the Debtor and their respective counsel and financial advisors engaged in good

faith, arm's length negotiations to determine the terms and conditions of the APA; (v) the Debtor and Purchaser have entered into the APA in good faith and without collusion or fraud; (vi) the Auction Sale was conducted fairly, openly and in conformity with the Bid Procedures Order; and (vii) no party has alleged any conduct that would constitute improper agreements or conduct under Section 363(n) of the Bankruptcy Code.

18. In the absence of a stay of the effectiveness of this Order, in the event that the Debtor and Purchaser consummate the transactions contemplated by the APA at any time after entry of this Order, then with respect to the transactions approved and authorized herein, Purchaser, as a purchaser in good faith within the meaning of section 363(m) of the Bankruptcy Code, shall be entitled to the protections of section 363(m) of the Bankruptcy Code in the event this Order or any authorization contained herein is reversed or modified on appeal.

19. Until the Debtor's Chapter 11 case is closed or dismissed, this Court shall retain exclusive jurisdiction to (i) enforce and implement the terms and provisions of the APA, all amendments thereto, any waivers and consents thereunder, and each of the agreements, documents and instruments executed therewith; (ii) compel transfer of the Acquired Assets to Purchaser; (iii) compel the Debtor and Purchaser to perform all of their obligations under the APA; (iv) resolve any disputes, controversies or claims arising out of or relating to the APA; and (v) interpret, implement and enforce the provisions of the APA and this Order.

20. This Order and the APA shall be binding in all respects upon all creditors of the Debtor, including those creditors and claimants of the Debtor holding contingent, unliquidated or disputed claims, all holders of equity interests in the Debtor, all holders of liens, claims and interests against the Debtor and/or the Acquired Assets, all successors and assigns of Purchaser, the Debtor and their affiliates and subsidiaries.

21. Nothing contained in any plan of reorganization or liquidation confirmed in this Bankruptcy Case or in any order of confirmation confirming any plan of reorganization or liquidation, nor any order dismissing this Bankruptcy Case or converting it to a Chapter 7 liquidation or any further order of this Court shall conflict with or derogate from the provisions of the APA or the terms of this Order. As between the Debtor and Purchaser, to the extent any provision of this Order expressly conflicts with the terms and conditions of the APA, the APA shall govern and control. As between the Debtor, Purchaser and any assignee of an executory contract or unexpired lease (each, an "Assignee"), on the one hand, and any counterparty to an executory contract or unexpired lease, on the other, the terms of this Order shall govern and control. This Order shall be binding upon and enforceable against, among others, the Debtor, its estate and any and all Chapter 7 and Chapter 11 trustee(s) thereof.

**Executory Contracts and Unexpired Leases**.

22.    The Debtor's assumption and assignment to Purchaser of the executory contracts and unexpired leases identified on Exhibit "2" hereto (the "Designated Contracts") is hereby approved effective as of the Closing Date.    In connection with the Debtor's assumption and assignment to Purchaser of the Designated Contracts, Purchaser shall be deemed to have assumed any on-going liabilities and obligations in connection with all Designated Contracts, and the Debtor will be responsible for the payment of all cure costs identified on Exhibit "2" hereto (the "Cure Costs"), except that Purchaser shall be responsible for the payment of any such cure costs identified on Exhibit "2" associated with any unexpired leases of non-residential real property that are part of the Designated Contracts and are assumed and assigned to Purchaser at Closing (the "Lease Costs").    For those Designated Contracts that contain performance commitments or guarantees by the Debtor, including, without limitation, performance commitments or guarantees relating to return on investment, clinical or administrative/operational performance (collectively, "Performance Guarantees"), Purchaser will only be liable for any credits, refunds or penalties assessed or expected against the Debtor under such contracts with respect to Performance Guarantees (collectively, "Performance Guarantee Penalties") that have not yet been paid or credited for prior periods or for the measurement period in effect as of November 2, 2009 ("Unpaid Performance Guarantee Payments").    To avoid any doubt, and assuming no additional contracts are added by Purchaser to the

list of Designated Contracts set forth on Annex 6.7(d) to the APA other than the contract with Preferred One, the only Unpaid Performance Guarantee Payments for measurement periods that have ended but for which the Performance Guarantees have not yet been paid or credited and for which Purchaser shall be liable are Performance Guarantee Penalties that may be owing for the performance year that ended on October 31, 2009 with respect to the agreements with (1) Building Service 32BJ Health Fund and (2) Preferred One, and only if such agreements remain on the list of Designated Contracts at Closing.  Exhibit "3" hereto sets forth the Debtor's estimated maximum amount of Unpaid Performance Guarantee Payments payable to any non-Debtor parties under the Designated Contracts pursuant to Section 365(b)(1) of the Bankruptcy Code, and the non-Debtor parties to such Designated Contracts shall not have any claims against the Debtor or Purchaser in respect of any Performance Guarantee Penalties in excess of the Unpaid Performance Guarantee Payments set forth on Exhibit "3".

23.  The Cure Costs and Lease Costs specified on Exhibit "2" hereto or as otherwise determined by this Court pursuant to the procedures set forth in the Bidding Procedures Order (collectively, the "Final Cure Costs"), are the sole and entire amounts necessary to cure all defaults by the Debtor and to pay all actual pecuniary losses, if any, payable by the Debtor or Purchaser under the Designated Contracts pursuant to Section 365(b)(1) of the Bankruptcy Code, and the non-Debtor parties to such Designated Contracts shall not have any claims against the Debtor or Purchaser in respect of any Designated Contracts on

1  account of any defaults occurring prior to the transfer of such

2  Designated Contracts to Purchaser.

3      24.  Subject to payment of the Final Cure Costs, if any,

4  the Debtor and Purchaser have (i) cured, or provided adequate

5  assurance of cure, of any default (other than defaults of a type

6  specified in Section 365(b)(2) of the Bankruptcy Code) by the

7  Debtor existing prior to the Closing Date under any of the

8  Designated Contracts, within the meaning of Section 365(b)(1)(A)

9  of the Bankruptcy Code, and (ii) compensated, or provided

10 adequate assurance of compensation, to all non-Debtor parties to

11 any of the Designated Contracts for any actual pecuniary loss to

12 such party resulting from a default by the Debtor prior to the

13 Closing Date under such Designated Contracts, within the meaning

14 of Section 365(b)(l)(B) of the Bankruptcy Code.  Purchaser has

15 provided adequate assurance of its future performance of and

16 under the Designated Contracts within the meaning of Section

17 365(b)(1)(C) of the Bankruptcy Code.

18     25.  Upon entry of this Order and pursuant to the APA, the

19 Debtor may authorize Purchaser to occupy any real property

20 leased by the Debtor on terms mutually agreeable to the Debtor

21 and Purchaser, and Purchaser will have the exclusive right on

22 the terms set forth in the APA to direct the Debtor to reject or

23 assume and assign any executory contract or unexpired lease

24 designated in Exhibit "2" hereto to any Assignee.  Any proposed

25 Assignee will, in the case of a lease of nonresidential real

26 property, be obligated to provide adequate assurance of future

27 performance under Section 365 of the Bankruptcy Code, subject to

28 no objection by the counterparty to such unexpired lease, or

Court approval, in the event of an objection. Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code, and in accordance with the APA, the Debtor is authorized to assume and assign the unexpired lease or executory contract to Purchaser or any other Assignee.

26. Subject to the terms of the APA, Purchaser shall have the exclusive right, power and authority, which right, power and authority may be exercised by Purchaser at any time from the entry of this Order, in its discretion, to contact, solicit, negotiate with and enter into binding agreements concerning any or all of the executory contracts and unexpired leases designated in Exhibit "2" hereto to one or more Assignees, or, in the case of any unexpired lease of nonresidential real property, terminate such lease in accordance with its terms.

27. Notwithstanding the provisions of paragraphs 21 through 26 of this Order, the following terms of this paragraph 27 shall govern the assumption and assignment of all of the Debtor's unexpired leases of real property set forth in Exhibit "4" hereto (the "Real Property Leases"), which Real Property Leases shall (1) include Debtor's short-term leases for the properties located in Brisbane, California, San Antonio, Texas, and Rancho Cordova, California, and (2) exclude the Debtor's lease for the property located in Albuquerque, New Mexico, which shall be assumed and assigned to Purchaser pursuant to the APA and this paragraph 27. Real Property Leases that are also Designated Contracts shall not be assumed and assigned pursuant to the APA and the other provisions of this Order.

No later than December 18, 2009, Debtor shall file a motion pursuant to 11 U.S.C. § 365(d)(4) seeking to extend the time for Debtor to assume and assign the Real Property Leases for 90 days (the "Extension Motion").  By application to be filed no later than December 18, 2009, Debtor shall seek to have the Extension Motion heard on shortened time before the anticipated Closing Date of December 31, 2009, recognizing that Debtor's inability to have the hearing on the Extension Motion by December 31, 2009 shall not relieve Purchaser of any of its obligations to consummate the transactions contemplated by this Agreement.

Purchaser shall inform Debtor by no later than March 1, 2010 as to which of the Real Property Leases Purchaser wants to have assumed and assigned to it.  Within five (5) business days thereafter, Debtor shall file a motion on regular notice pursuant to 11 U.S.C. § 365 seeking to assume and assign to Purchaser the Real Property Leases designated by Purchaser for assignment.  With respect to any Real Property Lease that Purchaser elects to take assignment of, not later than two (2) days after the motion to assume and assign is filed, Purchaser shall provide the landlord with adequate assurance information, pursuant to Bankruptcy Code section 365(f)(2)(B), respecting Purchaser's performance under the Real Property Lease to be assumed and assigned.  The landlord will have no less than five (5) days after receipt of the adequate assurance information from Purchaser to determine whether the adequate assurance information is satisfactory to the landlord.  The landlord may object to the assumption and assignment of the Real Property Lease if the landlord is not satisfied with the adequate

assurance information or any other aspect of the assumption motion.

Purchaser shall be responsible for payment of any cure costs required by 11 U.S.C. § 365 for any Real Property leases that are assumed and assigned to Purchaser. Purchaser shall provide Debtor with such financial information as is reasonably required to enable Debtor to satisfy the "adequate assurance of future performance" requirements of 11 U.S.C. § 365(b)(1)(C) with respect to all Real Property Leases Purchaser seeks to have assumed and assigned and shall otherwise cooperate with Debtor to assist Debtor to obtain an order of the Court approving of Debtor's assumption and assignment to Purchaser of such Real Property Leases. After the Closing Date, Purchaser shall pay Debtor cash equal to Debtor's actual rent and other payment obligations arising under the Real Property Leases, as well as related insurance obligations for the Real Property Leases ("Occupancy Expenses"), until (1) in the case of a Real Property Lease that is assumed and assigned to Purchaser, the date of the assumption and assignment, and (2) in the case of a Real Property Lease that is not assumed and assigned to Purchaser, seven (7) business days after Purchaser gives written notice to Debtor of Purchaser's decision not to take an assignment of the Real Property Lease. The Court shall have jurisdiction to decide any disputes respecting the amount due as Occupancy Expenses under Section 2.2.1 of the APA.

28. From the Closing Date until February 15, 2010, Debtor shall provide Purchaser with ongoing human resources support ("HR Support") commensurate with the HR Support provided by

1  Debtor as it relates to the Business prior to the Closing Date.

2  Purchaser shall pay Debtor cash equal to all of the actual costs

3  incurred by Debtor in providing Purchaser with such HR Support.

4  The Court shall have jurisdiction to decide any disputes

5  respecting the amount due under Section 10.1 of the APA.

6      29.  Notwithstanding anything herein to the contrary,

7  Purchaser is assuming no obligations of the Debtor under any

8  contracts or agreements between the Debtor and the Center for

9  Medicare and Medicaid Services ("CMS"), nor do the Acquired

10 Assets include any CMS provider number or cost plan number

11 belonging or assigned to the Debtor.

12     30.  To the extent that the Debtor in connection with

13 offering a product or a service discloses to an individual a

14 policy prohibiting the transfer of personally identifiable

15 information about individuals to persons what are not affiliated

16 with the Debtor and if such policy was in effect on the Petition

17 Date, then the Debtor's sale of the Acquired Assets to Purchaser

18 will be consistent with such policy so that the sale will be in

19 compliance with the requirements of Section 363(b)(l) of the

20 Bankruptcy Code.

21     **No Stay**.

22     31.  As provided by Bankruptcy Rule 7062, this Order shall

23 be effective and enforceable immediately.  The provisions of

24 Bankruptcy Rule 6004(h) and 6006(d) staying the effectiveness of

25 this Order for 10 days are hereby waived, and this Order shall

26 be effective, and the parties may consummate the transactions

27 contemplated by the APA immediately upon entry of this Order.

28 Time is of the essence in Closing the transaction and parties to

1  the APA shall be authorized to close the sale as soon as

2  possible consistent with the terms of the APA.

3                              ###

DATED: December 29, 2009

_Eithe A. Smith_

United States Bankruptcy Judge

| In re: | CHAPTER 11 |
|---|---|
| LIFEMASTERS SUPPORTED SELFCARE, INC., <br>                                    Debtor(s). | Case No.: 8:09-bk-19722-ES |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067.

A true and correct copy of the foregoing document described as **ORDER: (1) APPROVING SALE OF THE DEBTOR'S ASSETS (EXCLUDING CASH AND ACCOUNTS RECEIVABLE) FREE AND CLEAR OF ALL LIENS, CLAIMS AND INTERESTS; (2) APPROVING OF THE DEBTOR'S ASSUMPTION AND ASSIGNMENT OF THE DEBTOR'S UNEXPIRED LEASES AND EXECUTORY CONTRACTS AND DETERMINING CURE AMOUNTS; AND (3) WAIVING THE 10-DAY STAY PERIODS SET FORTH IN BANKRUPTCY RULES 6004(h) AND 6006(d) [EXHIBITS 1 TO 4 TO THE ORDER ARE FILED SEPARATELY IN PDF FORMAT]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On _____, 2009, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge* <u>*will be*</u> *completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on December 18, 2009, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge* <u>*will be*</u> *completed no later than 24 hours after the document is filed.*

Served by Personal Attorney Service
The Hon. Erithe A. Smith
United States Bankruptcy Court
411 West Fourth Street
Santa Ana, CA 92701

Service by E-Mail:

Daren R. Brinkman daren@brinkmanlaw.com

1 | Peter J Gurfein      pgurfein@akingump.com

2 | Matthew J Troy      matthew.troy@usdoj.gov

☐Service information continued on attached page

3 | I declare under penalty of perjury under the laws of the United States of America that the foregoing is

4 | true and correct.

5 |

| December 18, 2009 | Lourdes Cruz | /s/ Lourdes Cruz |
|---|---|---|
| Date | Type Name | Signature |

6 |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

7 | *January 2009*                                                                                    **F 9013-3.1**

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

| | |
|---|---|
| In re:<br><br>LIFEMASTERS SUPPORTED SELFCARE, INC.,<br><br>                      Debtor(s). | CHAPTER 11<br><br>Case No.: 8:09-bk-19722-ES |

**NOTE TO USERS OF THIS FORM**:

**1)** Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4) Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief.  <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **ORDER: (1) APPROVING SALE OF THE DEBTOR'S ASSETS (EXCLUDING CASH AND ACCOUNTS RECEIVABLE) FREE AND CLEAR OF ALL LIENS, CLAIMS AND INTERESTS; (2) APPROVING OF THE DEBTOR'S ASSUMPTION AND ASSIGNMENT OF THE DEBTOR'S UNEXPIRED LEASES AND EXECUTORY CONTRACTS AND DETERMINING CURE AMOUNTS; AND (3) WAIVING THE 10-DAY STAY PERIODS SET FORTH IN BANKRUPTCY RULES 6004(h) AND 6006(d) [EXHIBITS 1 TO 4 TO THE ORDER ARE FILED SEPARATELY IN PDF FORMAT]** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of December 18, 2009, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Todd M Arnold    tma@lnbrb.com
- Catherine E Bauer    Catherine.Bauer@usdoj.gov
- Ron Bender    rb@lnbrb.com
- Daren Brinkman    office@brinkmanlaw.com
- Frank Cadigan    frank.cadigan@usdoj.gov
- Eugene Chang    echang@steinlubin.com
- Nancy S Goldenberg    nancy.goldenberg@usdoj.gov
- Peter J Gurfein    pgurfein@akingump.com
- Gerald P Kennedy    gpk@procopio.com
- Leib M Lerner    leib.lerner@alston.com
- Julie E Oelsner    joelsner@weintraub.com
- James R Selth    jim@wsrlaw.net
- Matthew J Troy    matthew.troy@usdoj.gov
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Wendy M Warren    wwarren@bassberry.com
- Marc J Winthrop    pj@winthropcouchot.com

☐Service information continued on attached page

**II.  <u>SERVED BY THE COURT VIA U.S. MAIL:</u>** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐Service information continued on attached page

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**III.   TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                **F 9021-1.1**